## Case No. 7,954.

### KURTZ v. JONES.

[2 Cranch, C. C. 433.] [1]

Circuit Court, District of Columbia. Oct. Term, 1823.

ATTACHMENT—WHETHER PRELIMINARY PROCEEDINGS MUST SHOW CITIZENSHIP OF PLAINTIFF—MARYLAND ATTACHMENT ACT 1795.

In the affidavit and warrant for attachment under the act of Maryland of 1795. c. 56 [1 Dorsey's Laws, 320]. it is not necessary to state the plaintiff to be a citizen of the United States or of any of the states.

Mr. Key was allowed by the court to appear for defendant [Dennis Jones], and moved to quash the attachment, because it did not appear in the warrant of the magistrate ordering the attachment, nor anywhere else in the affidavit or proceedings, that the plaintiff [John Kurtz] was a citizen of the District of Columbia, or of the United States, or of any state of the United States.

Mr. Marbury, for plaintiff, contended that it was not necessary that it should appear in any of the preliminary proceedings, but that it was sufficient if he now proved it, up-

on the motion for judgment of condemnation of the attached effects; and he now offered evidence that the plaintiff was at the time of his application for the attachment, and still is, a citizen of the District of Columbia. Campbell v. Morris, 3 Har. & McH. 553. This objection was expressly overruled by this court in Birch v. Butler [Case No. 1,425], in June, 1806.

The act, in describing the matter of the oath which the plaintiff is to make in order to obtain an attachment, does not require that he shall make oath that he is "a citizen of the state of Maryland or of any other of the United States," although he must, in fact, be such a citizen; and it may now be proved.

Mr. Key, in reply. The principle upon which this court yesterday quashed the scire facias, because the recognizances contained only one person as bail, was, that all special authorities must be strictly pursued. The proceedings must, upon their face, show everything necessary to sustain the jurisdiction. The justice had no authority to grant a warrant for attachment to any but a citizen. His authority should be manifest upon the face of his warrant or the affidavit of the plaintiff annexed to it. Smith v. Middleton [Case No. 13,079], at April term, 1821; Mandeville v. Love [Id. 9,012], at October term, 1821; Wise v. Withers, 3 Cranch [7 U. S.] 331; Bingham v. Cabot, 3 Dall. [3 U. S.] 382; and Abercoombia v. Dupuis, 1 Cranch [5 U. S.] 343.

THE COURT (nem. con.) permitted evidence now to be given that the plaintiff was a citizen of the District of Columbia; and said that the point was decided by this court in 1806, and as that decision has been acquiesced in and practised upon ever since, and as there is a superior tribunal who can correct the error, if it be one, this court will not now overrule its former decision. Judgment of condemnation.

A bill of exceptions was taken by the defendant's counsel; but no writ of error was prosecuted. The debt was $769.88.